# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KX TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br>v.<br><br>ZUMA WATER FILTERS, INC. d/b/a ZUMA FILTERS, U.S. WATER FILTERS, INC. WATER FILTERS DIRECT, LLC d/b/a TIER 1, CLEARWATER FILTERS d/b/a MIST BY CLEARWATER, WATERFALL FILTER COMPANY d/b/a WATERFALL FILTER, BLUESKY d/b/a ICEPURE, BEST FILTERS d/b/a BEST, DISTA FILTER d/b/a DISTA, ALPINE WATER d/b/a ALPINE WATER, and BRIXTON HOLDINGS LLC d/b/a ETERNAWATER,<br><br>        Defendants. | 3:16-cv-01433 (CSH)<br><br>JULY 5, 2018 |

## RULING ON APPLICATION FOR ATTORNEY'S FEES AND COSTS

**HAIGHT**, Senior District Judge:

Plaintiff KX TECHNOLOGIES, LLC ("Plaintiff") brought this action for patent infringement pursuant to 35 U.S.C. §§ 1, *et seq.*; for unfair trade practices pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, *et seq.*; and for unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125, *et seq.*, seeking injunctive relief, damages, costs, and attorney's fees. Following entry of a default judgment in its favor, Plaintiff has filed a supplemental memorandum in support of its request for an award of attorney's fees and costs. Defendants have not opposed the fee application. This Ruling resolves it.

## I. PROCEDURAL HISTORY

Plaintiff filed the Complaint in this action on August 23, 2016, Doc. 1, and on December 15,

2016, filed an Amended Complaint with leave of the Court. Doc. 57. After Defendants Dista Filter d/b/a Dista ("Dista") and Waterfall Filter Company d/b/a Waterfall Filter ("Waterfall") failed to appear in this action or otherwise respond to the Amended Complaint, Plaintiff filed a motion for default entry as to those two remaining Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Doc. 101, which was granted by the Court on October 11, 2017. Doc. 102.

Plaintiff thereafter filed a motion for default judgment as directed by this Court's Order pursuant to Federal Rule of Civil Procedure 55(b). Doc. 103. On April 19, 2018, the Court granted Plaintiff's unopposed motion for default judgment, in part, and entered default judgment for Plaintiff on its claims against Dista and Waterfall for patent infringement and for unfair trade practices. Doc. 104. The Court required Plaintiff to file a supplemental memorandum of law to the extent it wished to pursue its request for damages, costs and fees. *See id.* at 11. On May 17, 2018, Plaintiff timely filed a supplemental memorandum of law in support of its request for attorney's fees and costs. Doc. 105. Plaintiff withdrew its request for punitive damages. *See id.* at 5. Defendants have filed no objection to Plaintiff's request for costs and fees.[1]

This Ruling resolves Plaintiff's request for attorney's fees and costs.

## II. LEGAL STANDARD

"When the Court enters a default judgment, it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true." *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (internal citation and quotation marks omitted). Accordingly,

---

[1] The Court's Ruling on the Motion for Default Judgment also required that Plaintiff cause a copy of the Ruling and a copy of Plaintiff's supplemental memorandum of law to be served on Defendants at their last known address by certified mail, and to file a proof of service by a date certain. *See* Doc. 104 at 11. On May 31, 2018, in accordance with the Court's Order, Plaintiff filed an Affidavit of Service, along with proof of service. Doc. 106.

"[t]he district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). This inquiry requires the Court to determine the proper rule for calculating damages, and to assess Plaintiff's evidence supporting the damages to be determined under Rule 55. *Id.*

As Defendants' liability has been established by virtue of the default order entered in this matter, it remains to be determined whether Plaintiff has provided adequate support for the fees and costs it seeks. *Keystone Glob. LLC v. Auto Essentials, Inc.*, No. 12-CV-9077(DLC), 2015 WL 224359, at *3 (S.D.N.Y. Jan. 16, 2015) (collecting cases). Whether a hearing is required to determine damages is left to the discretion of the District Judge. *See* Fed. R. Civ. P. 55(b)(2); *see also Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 39, 40 (2d Cir. 1989). A hearing is not necessary if the Court "ensure[s] that there was a basis for the damages specified in a default judgment." *Fustok*, 873 F.2d at 40. If the Court determines a hearing is not required, the Court may rely upon detailed affidavits and documentary evidence. *Id.*; *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

### III. DISCUSSION

In this matter, Plaintiff has provided two declarations and other documentary evidence supporting its claims for infringement, an award of attorney's fees and costs, and additional details concerning Defendants' post-judgment activities. *See* Doc. 105. No response to these materials has been filed. The Court finds that Plaintiff's declarations and the documentary evidence submitted provide a basis for an award of fees and costs; accordingly, a hearing is not required.

A.   **Exceptional Case**

Plaintiff contends that this case should be deemed "exceptional" under 35 U.S.C. § 285, warranting an award of attorney's fees to the prevailing party. In support of this position, Plaintiff points to Defendants' conduct; the strength of Plaintiff's litigation position; Defendant's willful infringement of Plaintiff's patents; Defendants' continuing actions to evade detection and enforcement; and the need for deterrence. *See* Doc. 105 at 10.

"Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent litigation. It provides, in its entirety, that '[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1752 (2014) (quoting 35 U.S.C. § 285). In *Octane Fitness*, the Supreme Court held that

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

134 S. Ct. at 1756 (footnote omitted).

In making this determination, "there is no precise rule or formula" to be followed, "but instead equitable discretion should be exercised" in light of the above considerations. *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). The *Octane Fitness* Court noted a nonexclusive list of factors that may be considered, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (quotation marks and citation omitted).

"Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary

burden, much less such a high one. Indeed, patent-infringement litigation has always been governed by a preponderance of the evidence standard[.]" *Id.* at 1758 (citation omitted). Thus, in determining whether Plaintiff has established that this is an "exceptional" matter for the purposes of an award of attorney's fees pursuant to 35 U.S.C. § 285, the Court applies a preponderance of the evidence standard.

### 1. Findings of Fact[2]

Plaintiff is the assignee and rightful owner of two U.S. Patents: No. 8,673,146, issued on March 18, 2014: and No. 8,137,551, issued on March 20, 2012 (collectively referred to herein as the "Push Technology Patents"). Amended Complaint, Doc. 57 ¶35. Relevant independent claims of these two patents are directed to a filter housing assembly; a method for extracting a filter housing assembly from a filter base; and a method for attaching a filter housing assembly to a filter base. *Id.* ¶¶36-8.

Plaintiff is also the assignee and rightful owner of five additional U.S. Patents: Nos. D656,578, D656,579, and D656,580, issued on March 27, 2012; No. 9,061,225, issued on June 23, 2015; and No. 9,446,336, issued on September 20, 2016 (collectively referred to herein as the "Cassette Filter Technology Patents"). *Id.* ¶39. Relevant claims of these patents are directed to a receiver for a cassette filter; a cassette filter housing; and a filter housing stabilizing system. *Id.* ¶¶40-2.

Defendants Waterfall and Dista ("Defendants") made, used, offered for sale and/or sold in

---

[2] The Court's findings of fact are based on the allegations of the Amended Complaint regarding liability and the admissible evidence regarding attorney's fees and costs contained in Plaintiff's submissions. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

this District and elsewhere in the United States filter housing assemblies that infringe on certain claims of the Push Technology Patents, as shown in the exhibits and photographs attached to Plaintiff's Amended Complaint. *Id.* ¶¶73, 109, 236; Exs. E, I. The infringing devices include a replacement filter for the Frigidaire PureSource ULTRAWF filter cartridge. Doc. 57 ¶¶73, 109, 236. Defendants' replacement cartridges embody all of the limitations and features of those claims of Plaintiff's Push Technology Patents. *Id.* ¶¶75, 111. Defendants actively induced infringement of the method for extracting and attaching a filter housing assembly from a filter base. *Id.* ¶¶76, 112, 236, 264. Defendants have offered for sale and have sold the infringing devices "widely and repeatedly" in the United States through interactive websites and other means, with conscious disregard for the rights of Plaintiff. *Id.* ¶¶77-8, 113-14. Defendants knew or should have known that their activities would lead to infringement of Plaintiff's existing patents.

Defendants infringed on certain claims of the Cassette Filter Technology Patents, by making, using, distributing, offering for sale, and/or selling cassette filter housing assemblies identified by the inventions disclosed and claimed in those patents. *Id.* ¶¶127, 147, 287. The infringing devices include Defendants' replacement filters for the Frigidaire PureSource WF2CB filter cartridge. *Id.* ¶¶127, 147. Such cassette filter assemblies incorporate the patented ornamental design features disclosed and claimed in the Cassette Filter Technology Patents. *Id.* ¶¶130, 150. Plaintiff has placed Defendants on notice of the existence of the No. 9,446,336 Patent, and Defendants' infringement thereof. *Id.* ¶¶ 290, 308. Defendants sell, advertise and promote their goods and services in the same channels of interstate commerce as Plaintiff does. *Id.* ¶¶177, 188.

At the time of the filing of its Complaint, and again when it filed the Amended Complaint, Plaintiff was unable to ascertain the principal places of business for Defendants due to their

deliberate obfuscation of their respective true identities. Declaration of David R. Pegnataro, Doc. 105-2 at ¶5. The Court granted permission to conduct early discovery on a non-party, Amazon.com, Inc. ("Amazon"), so that Plaintiff might obtain the last known business addresses of Defendants, who had sold infringing products through that website. *Id.* ¶¶8-10. Amazon provided Plaintiff with registered business addresses for both Defendants with the Secretary of State for the State of Nevada. *Id.* ¶12, *see also* Pegnataro Decl. at Exs. 3, 4, Docs. 105-5, 105-6. Each entity was served with a copy of the Amended Complaint by service on the Secretary of State for the State of Nevada. Doc. 105-2 ¶15; *see also* Docs. 62, 63. Neither Defendant filed an appearance in this action, nor did either Defendant move to set aside the default after being served with notice of its entry. Doc. 105-2 ¶¶16-18.

On April 19, 2018, this Court granted Plaintiff's unopposed motion for default judgment. Doc. 104. In addition to finding Defendants liable for patent infringement and violations of CUTPA, this Court determined that a permanent injunction was warranted, and therefore enjoined Defendants permanently from infringing on the Push Technology Patents and the Cassette Technology Patents held and assigned to Plaintiff. *Id.* at 9-10. The Ruling continued:

> [G]iven that it appears that Defendants continue to advertise and seek to sell these products on the internet, the Court will grant Plaintiff, as set forth below, the additional relief sought regarding the destruction of infringing products and an order to cease advertising them. Defendants must vacate or otherwise destroy the infringing products, advertisements, catalogs, and brochures, and alter all internet sites promoting the infringing goods to remove all references to the infringing products.

*Id.* at 10.

Plaintiff served this Court's Order granting Plaintiff's Motion for Default Judgment on Defendant Waterfall, care of its registered agent for service. *Id.* ¶20; Doc. 105-10. The mailing was returned to Plaintiff as undeliverable. Doc. 105-2 ¶20. Plaintiff also served the Order on Defendant

Dista, care of its registered agent for service. *Id.* ¶19; Doc. 105-9. Plaintiff has determined that as late as May 2018, despite the Court's explicit order, Defendants have continued to offer infringing filter cartridges for sale. Doc. 105-2 ¶¶21-22; Doc. 105-11.

**2. Conclusions of Law**

After considering the totality of the circumstances, the Court finds that this case should be deemed "exceptional" for the purposes of 35 U.S.C. § 285. Thus, as Plaintiff is the prevailing party, an award of attorney's fees is proper. Defendants' litigation misconduct, willful infringement of Plaintiff's patents and disregard of this Court's permanent injunction, considered in light of the strength of Plaintiff's litigation position and the need for deterrence all support this conclusion.

Defendants frustrated the litigation process by failing to participate in the defense of this matter. Defendants deliberately hid their identities, requiring third-party discovery to obtain their addresses for service. Defendants failed to appear in this action or otherwise respond to the allegations of the Complaint or the Amended Complaint. Plaintiff was unable to obtain meaningful discovery, including discovery related to its potential damages. Although liability has been established, Plaintiff "is left with no basis for predicting (and therefore, requesting) damages under either a lost profits theory or a reasonable royalty theory." Doc. 105 at 11. *See KX Tech LLC v. Dilmen LLC*, No. 3:16-CV-00745(CSH), 2017 WL 2798248, at *9 (D. Conn. July 13, 2017) (same). *Cf. Sprint Commc'ns Co. L.P. v. Chong*, No. 13-CV-3846(RA), 2014 WL 6611484, at *5 (S.D.N.Y. Nov. 21, 2014) (deeming a Lanham Act case exceptional and awarding attorney's fees where party, *inter alia*, "frustrated the litigation process by failing to participate, . . . obstructed the plaintiffs and caused unnecessary delay").

Further, Defendants' default supports a finding that this is an "exceptional" case, as

willfulness may be inferred or deemed admitted by virtue of Defendants' failure to answer Plaintiff's allegations. *See Chloe v. Zarafshan*, No. 1:06-CV-3140(RJH)(MHD), 2009 WL 2956827, at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself." (collecting cases)); *see also Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) ("Here, by virtue of its default, [defendant] has admitted [plaintiff's] allegation that it acted knowingly and intentionally or with reckless disregard or willful blindness to [plaintiff's] rights." (citation omitted) (alterations added)); *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983) ("[W]e draw a further inference of willfulness from the defendant's failure to appear and defend this action, especially in light of plaintiff's allegation of willfulness[.]"). Finally, even after this Court permanently enjoined Defendants from offering for sale or selling any infringing products, Plaintiff has come forward with evidence that Defendants continue to make such products available for sale.

In light of the above, based on a preponderance of the evidence, the Court finds that this case should be classified as "exceptional" pursuant to 35 U.S.C. § 285. Accordingly, Plaintiff will be awarded its reasonable attorney's fees.

**B.    Reasonable Attorney's Fees**

Plaintiff seeks $39,300.50 in attorney's fees, to be divided equally between Defendants. *See* Docs. 105 at 14; Declaration of Sheila Panza, Doc. 105-12 at ¶7; *see also* Time and Expense Details Report, Doc. 105-13.

"The district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)). "However, this discretion is not unfettered," and "the

district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id.* at 166.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting amount "is only presumptively reasonable; it is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors." *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 3:10-CV-60(JBA), 2012 WL 4092515, at *1 (D. Conn. Sept. 17, 2012) (quotation marks and citation omitted).

This Circuit follows the dictates of Judge Newman's opinion in *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983), in evaluating a movant's proffered evidence supporting its attorneys' fees request:

> All applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.

*Id.* at 1154. The Second Circuit subsequently clarified its use of the word "normally" in *Carey*, holding that while it "indicates that we intend to leave the district courts with some limited discretion to make exceptions to the hard-and-fast rule," *Carey* nonetheless "sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). "In other words, *Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases." *Id.*

"Attorney's fees must be reasonable in terms of the circumstances of the particular case[.]" *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (citing *Lunday v. Cty. of*

*Albany*, 42 F.3d 131, 134 (2d Cir. 1994)). In determining a fee award, the Court is mindful that "attorney's fees are to be awarded 'with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees.'" *Carey*, 711 F.2d at 1139 (quoting *Beazer v. New York Cty. Transit Authority*, 558 F.2d 97, 101 (2d Cir. 1997)).

**1. <u>Reasonable Hourly Rate</u>**

Plaintiff submitted a declaration of the bookkeeper of the law office of DeLio, Peterson & Curcio, LLC, stating the names and titles of the individuals who performed work on this matter, and attaching a Time and Expense Details Report which provides the hours of work performed and the individuals' concomitant hourly rates. *See* Docs. 105-12, 105-13. Although Defendants do not challenge the reasonableness of Plaintiff's counsel's hourly rates or the hours of work counsel expended in connection with this matter, the Court will conduct an independent review to determine whether said rates and hours are indeed reasonable. *See Jaeger v. Cellco P'ship*, No. 3:11-CV-1948, 2015 WL 1867661, at *3 (D. Conn. Apr. 23, 2015) (reviewing and reducing a fee request even where plaintiff did not challenge "the reasonableness of the total fees requested or the reasonableness of the attorneys' hourly rates").

Here, Attorney Robert Curcio seeks an hourly rate of $375; Attorney David R. Pegnataro seeks an hourly rate of $275; and Patent Agent Thomas Ciesco seeks an hourly rate of $225.[3] Determination of a prevailing rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005). The Court may take "judicial notice of the rates

---

[3] Todd A. Bayne, Jr., a paralegal, is also included in the Panza Declaration as an individual who performed work in connection with this matter; however, the attached contemporaneous time sheets do not reflect any entries bearing Bayne's initials.

awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Id.* (collecting cases). This determination also requires "an evaluation of evidence proffered by the parties." *Id.* Generally, when assessing whether the hourly rates sought are reasonable, the Court first reviews the billing party's experience and educational background. *See Wise v. Kelly*, 620 F. Supp. 2d 435, 443 (S.D.N.Y. 2008).

Here, Plaintiff has not provided any information that would assist the Court in determining the reasonableness of the requested hourly rates. The Declarations submitted in support of Plaintiff's request for attorney's fees provide no information about the attorneys' legal education, professional experience, number of years in practice, or any other facts that would allow the Court to conduct an informed assessment of the rates sought. Nor is there any information regarding the background, duties or experience of the patent agent. Plaintiff only provides the title of each individual: Curcio is a partner, whereas Pegnataro is an associate attorney.

Accordingly, the Court will take judicial notice of the billing rates customarily awarded in this District. *See Farbotko*, 433 F.3d at 309 (courts may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district" (collecting cases)); *Wise*, 620 F. Supp. 2d at 442 ("In deciding what reasonable rates are in the community, the court may rely upon its own knowledge of private firm hourly rates, and may take judicial notice of a law firm's reputation for high quality work." (internal citations and quotation marks omitted)).

Courts in this District have routinely awarded hourly rates equal or higher to those requested by Attorney Curcio and Attorney Pegnataro, for comparable services. *See Sony Elecs., Inc. v. Soundview Techs., Inc*, 389 F. Supp. 2d 443, 448 (D. Conn. 2005) (finding $400 a reasonable hourly rate for a partner in a patent matter); *Serricchio v. Wachovia Sec., LLC*, 706 F. Supp. 2d 237, 255

(D. Conn. 2010) (noting that as of 2008, $400 per hour was the highest rate awarded in this District for experienced counsel in complex matters, including antitrust and patent matters) *aff'd*, 658 F.3d 169 (2d Cir. 2011); *Tyco Healthcare Grp. LP*, 2012 WL 4092515, at *2 (awarding $225 per hour to a second year patent associate); *Friedman v. SThree PLC.*, No. 3:14-CV-00378, 2017 WL 4082678, at *12 (D. Conn. Sept. 15, 2017) (finding an hourly rate of $250 for an attorney with six years of experience reasonable); *KX Tech LLC*, 2017 WL 2798248, at *9 (noting that the same rates billed by Attorneys Curcio and Pegnataro "appear commensurate with those customarily billed in Connecticut"). The Court therefore determines that the hourly rates sought by Attorneys Curcio and Pegnataro are reasonable.

However, without any information as to the Patent Agent Thomas Ciesco's background and duties, the Court has no means to assess whether the hourly rate sought for his work is reasonable. Ciesco billed a total of 2.20 hours to prepare exhibits; this indicates that his work on this matter was administrative in nature. Accordingly, the Court will reduce Ciesco's hourly rate to $150 per hour, commensurate with the hourly rates typically awarded for the work of paralegals in this District. *See KXTech LLC*, 2017 WL 2798248, at *10 (collecting cases); *see also Friedman*, 2017 WL 4082678, at *7 (same).

### 2. Hours Reasonably Expended

The Court now addresses the reasonableness of the hours expended. Plaintiff seeks reimbursement for a total of 145.1 hours billed in connection with this patent infringement case. The Court finds that Plaintiff has established its entitlement to an award of reasonable attorney's fees and has supported its application with contemporaneous time records and a declaration from counsel's bookkeeper. Upon careful review, the Court finds that the hours billed are reasonable.

Accordingly, the total attorney time sought, 142.9 hours, will be awarded at the requested attorney billing rates, amounting to $38,805.50; and 2.2 hours at a rate of $150 an hour, or $330.00, will be awarded for patent clerk time. This results in a total of $39,135.50 in fees to be awarded to Plaintiff.

**C.      Costs**

Plaintiff seeks costs in the amount of $945.21. Title 35 explicitly provides that the Court may award costs upon finding for the claimant. *See* 35 U.S.C.§ 284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."). Plaintiff requests costs for copies of paperwork; a reduced filing fee; and costs associated with service of process and subpoenas. Plaintiff's request for these costs is supported by the declaration of bookkeeper Panza, and the Time and Expense Details Report.

The Court finds that Plaintiff's request for reimbursement of costs is reasonable. Accordingly, the Court will award Plaintiff's reasonable costs in the full amount of $945.21.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby finds that this is an "exceptional case" under 35 U.S.C. § 285, and awards Plaintiff **$39,135.50 in attorney's fees, and $945.21 in costs,** for a total award of **$40,080.71** as reasonable attorney's fees and costs, to be divided equally between Defendants Dista and Waterfall, each responsible for **$20,040.35**.

Having awarded Plaintiff default judgment [Doc. 104] and reasonable attorney's fees and costs, no outstanding claims remain pending in this case. The Clerk is directed to close it.

**It is SO ORDERED.**

Dated:    New Haven, Connecticut
          July 5, 2018

                              */s/ Charles S. Haight, Jr.*
                              CHARLES S. HAIGHT, JR.
                              Senior United States District Judge